Randy Nussbaum, Esq., #006417
Beth J. Shapiro, #009563
**NUSSBAUM & GILLIS, P.C.**
14500 N. Northsight Blvd, Suite 116
Scottsdale, Arizona 85260
Telephone Number (480) 609-0011
Facsimile Number (480) 609-0016
rnussbaum@nussbaumgillis.com
bshapiro@nussbaumgillis.com

Attorneys for Debtor/Defendant

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>D. LEE JOHNSON<br>Debtor. | In Proceedings Under Chapter 7<br>Case No: 2-09-bk-18806-RTB |
| AMINA ANWAR and DAVID C. MCCLANAHAN,<br>Plaintiffs,<br>v.<br>D. LEE JOHNSON,<br>Defendant | Adv. Proc. No: 2-10-ap-00678-RTB<br><br>**DEFENDANT'S MOTION TO DISMISS COMPLAINT WITH PREJUDICE AND REQUEST FOR HEARING** |

D. Lee Johnson, Debtor/Defendant herein ("Debtor" or "Defendant"), through his counsel undersigned, hereby moves this Court for an Order to dismiss with prejudice the above-referenced Adversary Proceeding for the reason that the Court lacks jurisdiction to hear the matter because Plaintiffs' Complaint ("Complaint") was not timely filed. This Motion is supported by the following Memorandum of Points and Authorities along with attached Exhibits A through G, which are incorporated herein by this reference.

Respectfully submitted this 18th day of May, 2010,

*/s/ Randy Nussbaum*

Randy Nussbaum
Beth J. Shapiro
Attorneys for Defendant D. Lee Johnson

14661-1\735586

# MEMORANDUM OF POINTS AND AUTHORITIES

## JURISDICTION

This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## FACTUAL BACKGROUND

1. Debtor's Chapter 7 proceeding was commenced on August 6, 2009, in the U.S. Bankruptcy Court, District of Arizona.

2. On August 12, 2009, the Clerk of the Court issued and mailed a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors & Deadlines ("Notice") to creditors listed in Debtor's bankruptcy schedules including Plaintiffs. The Notice, including Notice Recipients, was filed in Debtor's Administrative Case as Docket No. 6, a copy of which is attached hereto as Exhibit A.

3. The Notice set November 10, 2009, as the deadline for creditors of Debtor to file a complaint to determine the dischargeability of certain debts.

4. Plaintiffs have not denied receiving their Notices and Debtor did not receive any returned U.S. mail for either Plaintiff.

5. On November 10, 2009, the last day to file a dischargeability complaint, Plaintiffs filed a motion to extend the time to file their dischargeability complaint against Debtor pursuant to 11 U.S.C. §§523(a)(2), (4) or (6), on the basis that they needed additional time to investigate and conduct a Bankruptcy Rule 2004 examination of Debtor to support such a complaint. On the same date, Debtor responded to the Motion. See Administrative Case Docket Nos. 30 and 31.

6. On December 30, 2009, the Court ordered that Plaintiffs' motion to extend time in Debtor's case and in the case of Chapter 7 Debtors David and Margaret Vergeyle ("Vergeyle(s)"), Case No. 2:09-bk-20803-SSC, as well as any related motions for Rule 2004 examinations of Debtor and Vergeyles would be transferred to, and heard and ruled upon by a single judge. See Administrative Case Docket No. 43.

14661-1\735586

7. Also, on December 30, 2009, the Court granted Plaintiffs' motion for Rule 2004 examinations, to become effective upon the granting of Plaintiff's motion to extend time in Debtor's and Vergeyles' administrative cases. See Administrative Case Docket No. 44.

8. A joint hearing on Plaintiffs' motion to extend time was heard on January 13, 2010, and the matter was taken under advisement by the Court.

9. On January 25, 2010, the Court filed its Minute Entry/Order granting the motion and extending the deadline for Plaintiffs to file a complaint objecting to discharge "up to and including April 13, 2010," as Administrative Case Docket No. 51. A copy of the Court's Minute Entry/Order is attached hereto as Exhibit B.

10. On February 9, 2010, the Court entered Plaintiffs' Order granting them an extension "to and including April 13, 2010," to file a complaint objecting to Debtor's discharge "from debts owed to them on grounds described in Bankruptcy Code Sections 523(a)(2), (4) and/or (6) []." A copy of the February 9, 2010 Order, Administrative Case Docket No. 60, is attached hereto as Exhibit C.

11. It was not until late afternoon of April 5, 2010, that Plaintiffs' counsel contacted Debtor's counsel by telephone to request that Debtor's Rule 2004 examination be conducted on either April 8, 2010 or April 9, 2010.

12. Because of the short notice, Debtor was not available on either date and undersigned counsel had previously scheduled an out-of-state trip on April 9, 2010.

13. Debtor agreed to have his Rule 2004 examination conducted on April 12, 2010 at the law offices of undersigned counsel.

14. On April 9, 2010, Debtor's counsel received an email request from Plaintiffs' counsel to produce numerous documents in time for Debtor's April 12, 2010 examination. A copy of the April 9, 2010 email and its attachment are attached hereto as Exhibit D.

15. Despite the four-day notice, Debtor produced the requested documents in time for the April 12, 2010 examination. He also provided courtesy copies for Plaintiffs' counsel and the court reporter.

14661-1\735586

16. At 9:34 p.m. Arizona time, April 13, 2010, Plaintiffs opened an Adversary Proceeding against Debtor, which was assigned adversary case number 2:10-ap-00678-RTB. Attached hereto as Exhibit E is a copy of the Court's Notice of Electronic Filing to confirm the day and time the Adversary Proceeding was opened.

17. The docket for the Adversary Proceeding indicates that the "Nature[s] of Suit" involves dischargeability claims pursuant to 11 U.S.C. §§ 523(a)(2), (a)(4) and (a)(6), which relate to exceptions to discharge. Attached hereto as Exhibit F is a copy of the Adversary Proceeding docket.

18. At 12:26 a.m. Arizona time, April 14, 2010, Plaintiffs' Adversary Complaint was filed with the Court as Adversary Case Docket No. 1. Attached hereto as Exhibit G is a copy of the Notice of Electronic Filing of Plaintiffs' Complaint to confirm the date and time the Complaint was filed.

19. According to the Court's Adversary Case docket, Plaintiffs did not file a Motion on or before the April 13, 2010 deadline seeking additional time to file their complaint in accordance with Rule 4007(c).

## LEGAL ARGUMENT

### The Complaint should be dismissed with prejudice because it is time-barred pursuant to Fed. R. Bankr. P. 4007 and 9006.

An adversary proceeding in Bankruptcy Court is commenced by the filing of a complaint pursuant to Fed. R. Bankr. P. 7003, incorporating Fed. R. Civ. P. 3. Plaintiffs were granted up to and including April 13, 2010, to file their dischargeability complaint against Debtor pursuant to the Court's January 25, 2010 Minute Entry/Order and February 9, 2010 Order. In this case, Plaintiffs missed the deadline and filed their Complaint on April 14, 2010, according to the Notice of Electronic Filing attached hereto as Exhibit G, and therefore no timely action was commenced.

Further, the enlargement of the time limit for filing a complaint to determine the dischargeability of a particular debt pursuant to 11 U.S.C. §523 is set forth in Fed. R. Bankr. P. 4007(c), which provides in relevant part that "(o)n motion of a party in interest, after hearing on

14661-1\735586

notice, the court may for cause extend the time fixed under this subdivision. *The motion shall be filed before the time has expired."* (emphasis added).

In addition, Fed. R. Bankr. P. 9006(b)(3) states in part that "[t]he the court may enlarge the time for taking action under Rule [] 4007(c) ... only to the extent and under the conditions stated in [that] rule[]." As a result, the Court cannot enlarge or extend the time of filing the Complaint in this case because the court-ordered time period has expired. Further, the Court may not enlarge the Bankruptcy Rule 4007 filing period based on excusable neglect. *In re Gordon*, 988 F.2d 1000, 1001 (9th Cir. 1993), citing *In re Hill,* 811 F.2d 484, 485-87 (9th Cir. 1987).

According to the Court's docket, Plaintiffs did not timely file another Motion seeking additional time to file their Complaint by April 13, 2010, which was the deadline set forth in the Court's Order and as required by Fed. R. Bankr. P. 4007(c).

"The plain language of these rules indicates that a party must file either a complaint or a motion for an extension within the prescribed period." *In re Santos*, 112 B.R. 1001, 1004 (9th Cir. BAP 1990). In this case, neither a complaint nor a motion for extension was filed within the prescribed time period.

The purpose of Bankruptcy Rule 4007(c) is "to further the prompt administration of bankruptcy estates, e.g., *In re Hill*, 811 F.2d 484, 486-87 (9th Cir. 1987), and the 'fresh start' goals of bankruptcy relief as well as to allow a debtor to 'enjoy finality and certainty in relief from financial distress as quickly as possible.'" *Id.*, at 1006.

This notion was supported by the United States Supreme Court in *Taylor v. Freeland & Kronz*, 503 U.S. 638, 644 (1992), in which the Court addressed Bankruptcy Rule 4003(b), a time-limiting rule, which parallels Bankruptcy Rule 4007(c), relating to the deadline to object to a debtor's exemptions. In *Taylor,* the bankruptcy trustee failed to file a timely objection to claimed exemptions. The Court concluded that "[d]eadlines may lead to unwelcome results, but they prompt parties to act and they produce finality."

Inexplicably Plaintiffs waited until the last minute to begin the process of electronically filing their Complaint. The adversary proceeding was opened prior to midnight of April 13, 2010. It would be improper for the Court to equate the opening of an adversary proceeding with

14661-1\735586

the filing of a complaint in view of Bankruptcy Rules 4007(c) and 9006 (b)(3). Plaintiffs' Complaint was filed 26 minutes after midnight on April 14, 2010, causing the Complaint to be in violation of the court-ordered filing deadline of April 13, 2010. As such, the Complaint is time-barred and the Court has no jurisdiction over this matter.

**<u>The Court should not grant any further extension of time to file a Complaint in this matter</u>.**

This Court has already given Plaintiffs considerable amount of time to file their Complaint and therefore, should not grant any further extensions of time to Plaintiffs. Plaintiffs had three opportunities to file their Complaint, but failed to do so in a timely manner.

First, Plaintiffs, along with other creditors in this case, were given until November 10, 2009, to file either a Complaint or Motion to Extend Time per the Notice of Chapter 7 Bankruptcy Case filed on August 12, 2009. This gave Plaintiffs approximately two and one-half months in which to either conduct a Rule 2004 examination of Debtor and/or to file a Complaint by November 10, 2009. Instead, they proceeded to request an extension of time to file a complaint.

Plaintiffs had a second opportunity to file a Complaint between November 10, 2009, the date their Motion to extend was filed, and January 25, 2010, when the Court filed its Minute Entry/Order granting them an extension of time. Plaintiffs could have simply filed their Complaint, while waiting for the Court to rule on their Motion to extend time.

Remarkably, the allegations against Debtor set forth in Plaintiffs' Motion for an extension of time filed on November 10, 2009 (Docket No. 30), those set forth in Plaintiffs' Reply Motion for Joint Administration of Cases on Certain Matters, along with its attachments, filed on December 17, 2009 (Docket No. 39), and those set forth in Plaintiffs' Supplement to Motion to Extend (Docket No. 50) filed on January 18, 2010, are quite similar to the allegations set forth in Plaintiffs' time-barred Complaint. Armed with this much knowledge, it is inconceivable that Plaintiffs could not have filed a timely Complaint, which could have been amended at a later date following a Rule 2004 examination of Debtor.

14661-1\735586

Finally, Plaintiffs were given a third chance to file their Complaint up to and including April 13, 2010, pursuant to the Court's ruling on their Motion to extend time. However, the Complaint was filed too late on April 14, 2010.

In all, Plaintiffs had more than seven months during which they could have filed a timely complaint relating to dischargeability of their claims. If there was any concern that a complaint might not be filed by April 13, 2010, then they should have sought an extension of time no later than April 13, 2010. They no longer have the ability to request an extension of time at this late date because such motion or request is time-barred by Bankruptcy Rules 4007(c) and 9006(b)(3).

The Court does not have discretion to enlarge the time within which to file either a dischargeability complaint or a motion to extend the time to file. See *In re Hill*, 811 F.2d at 487. Therefore, the Court should not entertain or grant any motion or request for an extension to file a complaint in this matter.

WHEREFORE, based upon the foregoing, Defendant respectfully requests that this Court dismiss the Complaint with prejudice and award attorney's fees and costs associated with these proceedings.

DATED this 18th day of May, 2010.

NUSSBAUM & GILLIS, P.C.

Randy Nussbaum
Beth J. Shapiro
Attorneys for Debtor

COPY of the foregoing emailed/mailed this 18th day of May, 2010 to:

Mark C. McClanahan
3035 S.W. 55th Drive
Portland, OR 97221
markmcclan@cs.com
Attorney for Plaintiffs

Mark E. Hall
Mark J. Victor, P.C.
3920 S. Alma School Road, Suite 5
Chandler, AZ 85248
Attorneys for Plaintiffs

14661-1\735586

Brian Mullen
P.O. Box 32247
Phoenix, AZ 85064
Chapter 7 Trustee

Adam Nach
Allison Lauritson
Lane & Nach, P.C.
2025 North Third Street, Suite 157
Phoenix, AZ 85004
Attorneys for Trustee

Office of the U.S. Trustee
230 N. First Avenue, Suite 204
Phoenix, AZ 85003

*/s/ [signature]*

NUSSBAUM & GILLIS, P.C.
ATTORNEYS AT LAW
14500 N. NORTHSIGHT BLVD, SUITE 116
SCOTTSDALE, ARIZONA 85260
480-609-0011

14661-1\735586